WALTER S. MACK, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102833.   Promulgated November 6, 1941.

*Francis D. Higson, Esq.,* for the petitioner.
*James C. Maddox, Esq.,* for the respondent.

604

606

Hill: The issue presented for decision in this case is whether petitioner is entitled to a deduction of $41,600 as an ordinary loss resulting from his transfer in 1937 to William B. Nichols of 416 shares of preferred stock of William B. Nichols & Co. under the circumstances set out above. The amount stated represents the undisputed cost of the stock to petitioner.

Petitioner contends in substance that the fundamental principle governing the case at bar is "abandonment, relinquishment or surrender of an asset the value of which has been impaired." In support of his contention, petitioner cites, among other cases, *Liberty Baking Co.* v. *Heiner*, 37 Fed. (2d) 703; *Industrial Cotton Mills Co.*, 43 B. T. A. 107; *Rhodes* v. *Commissioner*, 100 Fed. (2d) 966; *Commonwealth, Inc.*, 36 B. T. A. 850; *W. W. Hoffman*, 40 B. T. A. 459; affd., 117 Fed. (2d) 987; *Park Chamberlain*, 41 B. T. A. 10; *John J. Seerley*, 43 B. T. A. 50.

Petitioner further urges that the present case is similar to numerous decisions of the Board in which it has been held that an owner of real property, subject to a mortgage on which he is not personally liable, sustains an ordinary loss deductible in full upon surrender of the property to the mortgagee, citing *Commonwealth, Inc., supra; W. W. Hoffman, supra; Realty Operators, Inc.*, 40 B. T. A. 1051; *Harry C. Aberle*, 41 B. T. A. 863, and others.

Finally, petitioner argues that the same principle should be applied in this case as was applied by the Board in certain decisions wherein it was held that the stockholder of a corporation who surrendered a part of his stock to be used as compensation for services to be rendered to the corporation sustained an ordinary loss deductible in full. See *George M. Wright*, 18 B. T. A. 471; modified, 47 Fed. (2d) 871; *City Builders Finance Co.*, 21 B. T. A. 800; *Helene Baldwin Burdick, Executrix*, 20 B. T. A. 742; affd., 59 Fed. (2d) 395.

Respondent takes the position that the transfer of stock here in question constituted a gift, and hence did not result in a loss allowable as a deduction.

We shall not attempt a detailed discussion of the many cases cited by petitioner; we think none is controlling here. In respect of petitioner's

contention last above referred to and the citations thereunder, it is sufficient to point out that petitioner did not surrender a *part* of his stock for the benefit of the corporation, in order ultimately to increase the value of his remaining stock, as in the cases cited. He transferred *all* of his stock and completely severed *all* connection with the corporation.

Likewise, petitioner's other and principal contention that he suffered a deductible loss as the result of abandonment of property can not, in our opinion, be sustained. The facts do not indicate that petitioner had any intention of abandoning his property, or that he did abandon it. Such term denotes an absolute giving up; forsaking or renouncing utterly. We think petitioner did not forsake or renounce ownership of the preferred stock; he simply transferred it without consideration to Nichols for a certain specific purpose, to which further reference will be made. Such transfer does not indicate abandonment. Ordinarily, a person does not *abandon* property having substantial value, and a transfer of valuable property, without consideration, would in the absence of explanation indicate a gift rather than abandonment. Thus, in all the cases cited above in which a loss deduction was allowed on account of abandonment of property, it appears that such property had lost its useful or economic value, or that the taxpayers thought the property was without substantial value. See especially *W. W. Hoffman, supra.* In *Park Chamberlain, supra,* one of the decisions heavily relied upon by petitioner, we said:

> The substance of the transaction shown in our findings, we think, was an abandonment by petitioner of what he, and all who were familiar with it, thought was a worthless asset.

While a transfer, without consideration, of a worthless asset may evidence abandonment and constitute the identifiable event which fixes the incidence of loss, as in the cited cases, it is equally obvious on the other hand that such a transfer would not constitute a gift. A gift can be made only of property having value. This is made plain in our opinion in *John J. Seerley, supra,* another decision particularly relied upon by petitioner, where we held that the execution and delivery of an order directing the issuance to another of trust certificates representing the taxpayer's equity interest in certain lands constituted an abandonment by the taxpayer of his equity in the land, and was not a gift.

The record in the instant case clearly establishes that the shares of preferred stock transferred by petitioner to Nichols had a very substantial value, although it is not shown precisely what the value was. The corporation was a going concern, apparently able to pay its current operating expenses and possessed of valuable assets. The letters set out in our findings above were devoted to a discussion of certain assets of the corporation, as they affected the liquidating value

of the stock. It is not indicated that the corporation was particularly in financial difficulties, but rather that some of its assets were frozen. We think the evidence justifies the conclusion that petitioner's preferred stock at the time of the transfer had not only a substantial liquidating value but probably a much higher potential value.

As was said in *Noel* v. *Parrott*, 15 Fed. (2d) 669, gifts usually proceed from the generosity of the giver and, where there is any doubt as to the nature of the transaction, the absence of such a motive is a pertinent circumstance for consideration. Petitioner argues that the transfer here in controversy was not actuated by any motive of generosity and he had no intention of making a gift; therefore, it was not a gift. We can not agree.

In the letter of November 30, 1937, to Nichols, petitioner expressed regret that he could not invest more capital in the corporation or give much time to its affairs, and referred to the fact that his name had been associated with the company for quite a number of years. (As previously stated, besides being a stockholder of the corporation, petitioner had been a director for more than seven years; he had also at one time been treasurer and a vice president of the corporation.) Petitioner further stated in his letter that he was willing to surrender all of the preferred stock owned by him in the corporation to Nichols individually, with the hope that he, Nichols, might be able to use the stock either to secure additional capital or to obtain services from others who could help him. He endorsed the certificates in blank and enclosed them in his letter.

These statements, in our opinion, sufficiently indicate the motive which actuated petitioner in transferring the stock to Nichols without material consideration. Surely it was an act of generosity on the part of petitioner so to assist an old friend in the only practical way available to him. It appears that petitioner was also connected with several other corporations in an executive capacity, and it may well be that petitioner felt that if William B. Nichols & Co., a corporation with which his name had been associated for many years, got into financial difficulties it would reflect on his reputation as a businessman and corporate executive. Whether or not this was true, we are persuaded from all the evidence before us that petitioner intended to and did make a gift of his preferred stock to Nichols, and he is therefore not entitled to deduct any part of the cost of the stock as a loss resulting from such transfer.

The deficiency determined by respondent is approved.

*Decision will be entered for respondent.*